### 13055.   LUNDY *v.* THE STATE.

BROYLES, C. J.   1.   "It is well settled that while it is not incumbent upon the judge, in the absence of timely and appropriate written request, to charge upon the subject of the impeachment of witnesses, yet where that subject is referred to in the charge, all of it that is material and applicable to the facts of the case should be given." *Williams* v. *State,* 25 *Ga. App.* 193 (102 S. E. 875), and citations.

2. In the charge of the court in this case the only reference to the law upon the impeachment of witnesses was in regard to proof of bad

character of the female who testified that the accused had assaulted her with intent to rape. There was evidence that prior to the trial of the case another material witness for the State made statements as to matters relevant to his testimony and to the case, which were contradictory to his testimony upon the trial. The court, therefore, erred in failing to instruct the jury upon this branch of the subject of the impeachment of witnesses, although no request to do so was presented. This error requires another trial of the case.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 17, 1922.

Indictment for assault with intent to rape; from Bulloch superior court — Judge Strange. October 24, 1921.

*F. B. Anderson, Anderson & Jones*, for plaintiff in error.

*A. S. Anderson, solicitor-general*, contra.